Filed 8/30/21

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| SAYEDEH SAHBA AMJADI, | |
| Plaintiff and Appellant, | G059069, G059273 |
| v. | (Super. Ct. No. 30-2018-00976542) |
| JERROD WEST BROWN, | O P I N I O N |
| Defendant and Respondent. | |

Appeals from a judgment and an order of the Superior Court of Orange County, Derek W. Hunt, Judge.  Reversed.

diDonato Law Center, Peter R. diDonato, and Jewels J. Jin for Plaintiff and Appellant.

MacDonald & Cody, Richard S. Gower, and Christian X. Przybylowski for Defendant and Respondent.

Plaintiff Sayedeh Sahba Amjadi appeals from a judgment of dismissal entered after a settlement was entered by her attorney on her behalf and over her objection with defendant Jerrod West Brown, and from an order denying her subsequent motion to vacate the judgment. The settlement was entered by plaintiff's attorney pursuant to a provision in the attorney's contingent fee agreement, which purports to grant the attorney the right to accept settlement offers on the client's behalf in the attorney's "sole discretion," so long as the attorney believes in good faith that the settlement offer is reasonable and in the client's best interest. We conclude such a provision violates the Rules of Professional Conduct and is void to the extent it purports to grant an attorney the right to accept a settlement over the client's objection. Accordingly, we hold the settlement to be void and reverse the resulting judgment. We also refer plaintiff's former attorneys to the State Bar for potential discipline, as required by law and by Canon 3D(2) of the Code of Judicial Ethics.

## FACTS

Plaintiff sued defendant (& two other people, not parties to this appeal) for damages arising from injuries she sustained in an automobile accident. The matter was set for jury trial in July of 2019. The week before trial, plaintiff fired her attorneys and the trial date was vacated. Plaintiff hired new attorneys (Kevin Jolly & Leah Berry of Jolly Berry Law and Joseph Nazarian from Accident Lawyers Firm) and her trial was reset for January 2020. The contingent fee agreement between plaintiff and the Jolly Berry firm included this language, which has now given rise to the present appeal: "CLIENT agrees that if a settlement offer is tendered in the case by any defendants and the ATTORNEY believes in good faith that the settlement offer is reasonable, and that acceptance of the offer is in the CLIENT's best interest, and should be accepted, CLIENT authorizes ATTORNEY to accept said offer on CLIENT's behalf, at ATTORNEY's sole discretion."

2

In the days before trial, plaintiff's relationship with her new attorneys soured, in part over a disagreement about whether to ask for a further continuance of trial. One of plaintiff's attorneys e-mailed plaintiff the night before trial asking plaintiff how she wished to proceed, and indicating the attorneys were preparing a substitution of attorney.

On the morning of trial, plaintiff's attorneys sought to be relieved as counsel for plaintiff based upon a conflict of interest. The trial court denied their motion to be relieved. Then, plaintiff's attorney Kevin Jolly (Jolly) approached defense counsel about a potential settlement for $150,000, an amount plaintiff had previously rejected. Defense counsel renewed the $150,000 offer. Jolly then advised plaintiff he was accepting the settlement offer on her behalf.

Jolly returned to court and announced the settlement to the court, over plaintiff's objection. The court instructed counsel to prepare and submit a signed written settlement agreement over the lunch break. During the lunch break, plaintiff sent an e-mail to her attorneys indicating she wanted them to sign a substitution of attorney form, and objecting to unilateral action by the attorneys on her behalf. Nevertheless, Jolly signed a settlement agreement on plaintiff's behalf on the unilateral authority provided by the retainer agreement and presented it to the court. The court accepted the settlement and set a hearing for an order to show cause regarding dismissal.

Before the hearing on dismissal, plaintiff (now in propria persona) filed a declaration asserting she objected to the settlement and dismissal, and had not consented to the settlement agreement executed by Jolly. At the hearing, the trial court dismissed the case, indicating plaintiff had failed to bring a motion. The trial court later issued a minute order reflecting this disposition, but erroneously noting plaintiff "did not submit any written material."

Plaintiff then hired new counsel, who filed a motion to vacate the judgment on her behalf. The motion was opposed by the Jolly Berry firm, acting as "Former

3

Attorneys for Plaintiff." The Jolly Berry firm's opposition included declarations from her attorneys describing various attorney-client communications in the course of negotiating the retainer agreement and the run-up to trial, complete copies of the retainer agreement and a limited power of attorney[1] executed by plaintiff, and copies of text messages and e-mails between plaintiff and her attorneys. The attorney declarations included discussions of plaintiff's communication with other past attorneys, mental health, feelings of religious persecution, and intimacy that were apparently previously confidential. The trial court denied the motion to vacate.

Plaintiff took timely appeals from both the judgment and the order denying plaintiff's motion to vacate the judgment, which we consolidated.

**DISCUSSION**

Plaintiff contends the settlement is void and challenges both the trial court's entry of a judgment of dismissal and the trial court's order denying plaintiff's motion to vacate the judgment. Defendant argues the settlement was authorized by a permissible provision of the Jolly Berry firm's attorney fee agreement and the trial court was justified in dismissing the action and denying the motion to vacate the judgment. We begin with the trial court's reason for refusing to consider plaintiff's arguments at the hearing on dismissal.

1. *The Order to Show Cause Hearing*

At the hearing on the court's order to show cause regarding dismissal, the trial court refused to consider plaintiff's arguments because she failed to "come to [the court] with a specific motion." We conclude this was error. "An order to show cause is considered the equivalent of a notice of motion, but with a citation to appear and show cause annexed." (*Eddy v. Temkin* (1985) 167 Cal.App.3d 1115, 1120.) Both a

---

[1] The power of attorney in question only authorized the Jolly Berry firm to execute and endorse checks on plaintiff's behalf into the Jolly Berry firm's client trust account, and is therefore irrelevant to the issues presented by this appeal.

declaration and oral testimony are ordinary and sufficient responses to an order to show cause. (*Id.* at p. 1121.) There was no need for a further motion—the settlement and dismissal were properly before the court and plaintiff's declaration should have been considered. We therefore turn to the merits of plaintiff's arguments.

*2. Validity of the Settlement*

Plaintiff's challenge to the dismissal rests upon her contention that an attorney may not settle a case over his or her client's objection, regardless of whether the retainer agreement purports to authorize the attorney to do so.

In evaluating the behavior of an attorney, our first reference is to the Rules of Professional Conduct, which "are intended to regulate professional conduct of lawyers . . . [and] to protect the public, the courts, and the legal profession; protect the integrity of the legal system; and promote the administration of justice and confidence in the legal profession." (Rules Prof. Conduct, rule 1.0(a).) Rule 1.2(a) provides, in relevant part, "A lawyer shall abide by a client's decision whether to settle a matter." On its face, this rule appears to prohibit the disputed provision of the Jolly Berry firm's retainer agreement.

Plaintiff also cites *In the Matter of Guzman* (Review Dept. 2014) 5 Cal. State Bar Ct. Rptr. 308, 314-315 (*Guzman*) for the proposition that retainer agreements purporting to grant the attorney the unfettered right to settle the client's case are invalid. In *Guzman*, an attorney settled his clients' case without their knowledge or consent, and relied upon a provision of his retainer agreement which provided him with sole authority to settle. (*Guzman*, *supra*, 5 Cal. State Bar Ct. Rptr. at pp. 313-314.) The State Bar court found the attorney's behavior "involve[d] overreaching and constitute[d] moral turpitude." (*Id.* at p. 314.) The court also held the relevant provision of the retainer agreement invalid: "Attempts by an attorney to restrict a client's right to control his or her case are invalid and evidence of overreaching." (*Ibid.*) While we note *Guzman* was decided under the previous version of the Rules of Professional Conduct, we nevertheless

5

find it persuasive, particularly in light of the total absence of contrary decisional authority presented by defendant.

And there are many other reasons, left unstated in *Guzman*, to doubt the propriety of a provision of this type. In the context of a contingent fee agreement (as in both *Guzman* & the present case), such a provision creates an immediate, direct conflict of interest under rule 1.7 (b) of the Rules of Professional Conduct whenever the client and attorney disagree about settlement. The provision also forces the attorney to disclose details of the retainer agreement to opposing counsel in order to become effective, which violates the attorney's duty of confidentiality to his or her client. (Rules Prof. Conduct, rule 1.6(a); Bus. & Prof. Code, § 6149 [retainer agreement is confidential attorney-client communication].) And the provision seems logically inconsistent with the well-understood rule that "the client's power to discharge an attorney, with or without cause, is absolute." (*Fracasse v. Brent* (1972) 6 Cal.3d 784, 790.)

Against these considerations, defendant raises two principal arguments. First, defendant argues the settlement was entered before plaintiff objected or revoked her attorneys' authority. Accordingly, defendant contends, plaintiff's attorney acted under permissible advance authorization to settle, and plaintiff's later protestations cannot undo what her attorney had already done. The record does not support defendant's position. Plaintiff provided unrebutted testimony that she objected to the settlement at all times, including contemporaneously with its execution. Even the Jolly Berry firm's declarations, provided in opposition to plaintiff's motion to vacate the judgment, support plaintiff's position. Moreover, the parties agree plaintiff rejected the exact same $150,000 settlement offer months earlier, demonstrating Jolly was knowingly entering a settlement that his client did not want.

Second, defendant cites the commentary to rule 1.2 of the Rules of Professional Conduct, arguing it clarifies the rule and permits clients to grant their attorneys advance authorization to settle. The relevant section of the commentary states:

6

"At the outset of, or during a representation, the client may authorize the lawyer to take specific action on the client's behalf without further consultation. Absent a material change in circumstances and subject to rule 1.4, a lawyer may rely on such an advance authorization. The client may revoke such authority at any time." (Rules Prof. Conduct, rule 1.2, comment [2].)

We find defendant's second argument equally unpersuasive. The commentary permits clients to provide their attorneys advance authorization to settle, but does not permit an attorney to settle a case over the client's contemporaneous objection. In fact, it expressly forbids such a maneuver: "The client may revoke [settlement] authority at any time." And to the extent the Jolly Berry firm's retainer agreement purported to give the Jolly Berry firm such authority, it violates the Rules of Professional Conduct and is void. Moreover, though we do not decide the issue, we question whether a blanket authorization, given at the inception of the attorney-client relationship, to settle at any amount and on any terms in the attorney's "sole discretion" would be sufficiently "specific" to satisfy the commentary even if the settlement were made in the client's absence and without a contemporaneous objection.

In summary, we hold an attorney may not settle a client's case over the client's objection and any provision of a retainer agreement purporting to give an attorney such authority violates the Rules of Professional Conduct and is void. Consequently, the settlement was entered without authority and was voidable by plaintiff. And when plaintiff objected to the settlement and resulting dismissal, she voided the settlement. Without the settlement, the dismissal cannot stand and the judgment must be reversed.

### 3. *Plaintiff's Other Requested Relief*

In addition to declaring the settlement void and reversing the dismissal, plaintiff also requests we (1) reverse the trial court's ruling denying plaintiff's motion to vacate the dismissal; (2) order reinstatement of the matter to the civil active list for trial;

(3) order Jolly to return to defendant's insurer funds paid to Jolly's client trust account pursuant to the settlement agreement; and (4) order Jolly to pay attorney fees and costs incurred by plaintiff in prosecuting her appeals.  Having reversed the dismissal, we find the motion to vacate the dismissal moot, and therefore decline to evaluate the trial court's ruling thereon.  We also decline to interfere with the trial court's sound management of its own docket, as we presume the trial court will properly take whatever procedural steps are necessary after our remittitur issues.

We decline to issue any orders regarding amounts paid pursuant to the void settlement agreement.  Again, we presume any such funds have been handled and will continue to be handled by the Jolly Berry firm in compliance with the Rules of Professional Conduct.  Last, we decline to depart from our usual practice with respect to fees and costs incurred on appeal.  As set forth below, we award costs to plaintiff (& against defendant, not Jolly) as the prevailing party on this appeal pursuant to California Rules of Court, rule 8.278.  And under California Rules of Court, rule 3.1702, any claim for attorney fees incurred on appeal is properly made to the trial court, not to us.

## 4.  *Referral to the State Bar*

Business and Professions Code section 6086.7, subdivision (a)(2) requires us to notify the State Bar "[w]henever a modification or reversal of a judgment in a judicial proceeding is based in whole or in part on the misconduct, incompetent representation, or willful misrepresentation of an attorney."  Similarly, Canon 3D(2) of the Code of Judicial Ethics states "Whenever a judge has personal knowledge, or concludes in a judicial decision, that a lawyer has committed misconduct or has violated any provision of the Rules of Professional Conduct, the judge shall take appropriate corrective action, which may include reporting the violation to the appropriate authority."  Because we based our reversal in this matter on the Jolly Berry firm's violation of rule 1.2 of the Rules of Professional Conduct, we refer plaintiff's former attorneys Kevin Jolly, Leah Berry, and Joseph Nazarian to the State Bar for potential discipline.

In addition to our finding of a violation of rule 1.2 of the Rules of Professional Conduct, we also note potential violations of rules 1.6 (when plaintiff's former attorneys disclosed various confidential communications to opposing counsel & the court), 1.7 (for largely the same reasons as those supporting our finding on rule 1.2), and 1.9 (when plaintiff's former attorneys opposed their own former client's motion to vacate the dismissal, arguably to preserve their ability to collect fees from the settlement proceeds).  We recognize plaintiff's former attorneys did not appear in the proceedings before this court, and therefore make no findings as to potential violations of these rules, but nevertheless refer the issues to the State Bar for investigation.

## DISPOSITION

The judgment is reversed. Plaintiff shall recover costs on appeal. Pursuant to Canon 3D(2) of the California Code of Judicial Ethics and California Business and Professions Code section 6086.7, subdivision (a)(2), we hereby report Attorneys Kevin Richard Jolly, Leah Neveen Berry, and Joseph John Nazarian to the State Bar of California for their violations and potential violations of the Rules of Professional Conduct, as described in this opinion. The clerk of this court is directed to send copies of this opinion and the appendices filed herein by plaintiff to the State Bar of California. The clerk is further directed to send a copy of this opinion to Attorneys Kevin Richard Jolly, State Bar No. 172328, Leah Neveen Berry, State Bar No. 196505, and Joseph John Nazarian, State Bar No. 299526, at their addresses listed by the State Bar.


THOMPSON, J.

WE CONCUR:


O'LEARY, P. J.


FYBEL, J.